IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN L. KENNEY,

      Plaintiff,

vs.                                                    No. CIV 07-0422 RB/RHS

STATE OF NEW MEXICO,
DAVID DIMICK, Probation Officer,
and BARB JOHNSON, Probation Hearing Officer,
in their official and private capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Partial Motion to Dismiss and Memorandum in Support Thereof (Doc. 4), filed on May 1, 2007.  Jurisdiction arises under 28 U.S.C. §§ 1331, 1343, and 1367.  Having considered the submissions of counsel, relevant law, and being otherwise fully advised, I grant Defendants' motion.

**I.      Background.**

In his First Amended Complaint for Civil Rights Violation and Personal Injury (hereinafter "Amended Complaint"),[1] Plaintiff alleges as follows.  On May 13, 2004, Plaintiff, an Oklahoma probationer, moved from Oklahoma to Albuquerque, New Mexico, with permission of the Oklahoma probation authorities. ([Doc. 12] Am. Compl. ¶ 7.)  The Oklahoma probation authorities provided an intake packet to transfer Plaintiff's probation to New Mexico.  (*Id.*)

---

[1] The Amended Complaint was filed after Defendants answered the original Complaint and without leave of the Court.  It is presumed that Plaintiff filed the Amended Complaint with the written consent of Defendants. *See* Fed. R. Civ. P. 15 (a)

On or about May 15-17, 2004, New Mexico probation authorities notified Plaintiff that his intake packet had been misplaced and that Plaintiff was to return to Oklahoma.  (Am. Compl. ¶ 8.) Plaintiff was not on probation in New Mexico at that time.  (*Id.*)

On May 17, 2004, in the course of making his travel arrangements, Plaintiff stopped at a friend's house where, unbeknownst to Plaintiff, an accusation of sexual abuse of a child had been leveled.  (Am. Compl. ¶ 9.)

Plaintiff's intake packet was eventually located by Oklahoma probation authorities and Plaintiff's probation was transferred to New Mexico, effective February 10, 2005.  (Am. Compl. ¶ 10.)

On June 15, 2005, more than a year after the incident of alleged sexual abuse, Plaintiff was indicted in the Second Judicial District Court of New Mexico for criminal sexual penetration of a minor.  (Am. Compl. ¶ 11.)  The suspect was identified as an Hispanic male with blue eyes.  (Am. Compl. ¶ 13.)  Plaintiff is an African-American male with brown eyes.  (Am. Compl. ¶ 14.)

Plaintiff was arraigned on July 1, 2005.  (Am. Compl. ¶¶ 12; 17.)  State District Judge Neil Candelaria released Plaintiff on his own recognizance with pretrial service supervision.  (Am. Compl. ¶ 17.)

On or about July 21, 2005, Defendant Dimick arrested Plaintiff for violating his New Mexico probation.  (Am. Compl. ¶ 15.)  The basis of the arrest was the May 2004 allegations of child sexual abuse.  (Am. Compl. ¶ 20.)  However, Plaintiff was not on probation in New Mexico in May 2004. (Am. Compl. ¶ 20.)  Plaintiff was accused of violating probation prior to his placement on probation in New Mexico.  (Am. Compl. ¶ 16.)  Plaintiff was transported to the Metropolitan Detention Center ("MDC"), where he remained in custody until October 20, 2005.  (Am. Compl. ¶ 15.)

On August 12, 2005, Defendant Johnson held a probation probable cause hearing and found

2

Plaintiff "violated the laws of the State of New Mexico" and revoked Plaintiff's probation. (Am. Compl. ¶ 21.) Plaintiff alleges that Defendant Johnson "ignored the lack of jurisdiction" when she conducted the hearing. (Am. Compl. ¶ 21.)

In September 2005, Dottie Hindman, an Oklahoma Department of Corrections Supervisor, contacted Defendant Dimick and advised him that Oklahoma did not intend to pursue probation revocation proceedings unless and until Plaintiff was found guilty of the child abuse charges. (Am. Compl. ¶ 22.) Despite express notice that they lacked jurisdiction, Defendants Johnson and Dimick failed to take action to release Plaintiff from custody. (Am. Compl. ¶ 23.)

On October 13, 2005, Plaintiff filed a petition for a writ of habeas corpus. (Am. Compl. ¶ 24.) On October 20, 2005, Judge Candelaria ordered Plaintiff's release from MDC on the probation revocation and extended his conditional release for the child abuse charges. (*Id.*)

On February 16, 2007, after DNA tests exonerated Plaintiff, the criminal charge was dismissed. (Am. Compl. ¶ 26.)

Plaintiff filed suit in state court, seeking money damages for federal Constitutional violations under 42 U.S.C. § 1983 and false imprisonment.[2] Defendants removed this action pursuant to 28 U.S.C. §§1441 and 1446(b). After removal, Plaintiff filed the Amended Complaint, seeking money damages for Constitutional violations under 42 U.S.C. § 1983 and false imprisonment under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to 27 ( hereinafter "NMTCA"). Plaintiff seeks money damages, as well as attorney fees under 42 U.S.C. §1988, and costs. (Am. Compl. 4.)

In their motion for partial dismissal, Defendants argue (1) Defendant Johnson is entitled to absolute immunity with respect to the § 1983 claim; (2) the individual Defendants are not "law

---

[2] In his original Complaint, Plaintiff named MDC and its directors as defendants, as well as the current Defendants. In the Amended Complaint, Plaintiff dropped his claims against MDC and its directors.

enforcement officers" within the meaning of N.M. Stat. Ann.§ 41-4-3(D); (3) Eleventh Amendment immunity bars the claims against Defendant State of New Mexico; and (4) Defendant State of New Mexico is not a person subject to suit under §1983.

Plaintiff responds (1) Defendant Johnson is not entitled to absolute immunity because she acted as a probation officer, and not as a hearing officer; and (2) Defendants are law enforcement officers within the meaning of N.M. Stat. Ann.§41-4-3(D). Plaintiff does not contest the Eleventh Amendment immunity of Defendant State of New Mexico. Therefore, the questions discussed herein are (1) whether Defendant Johnson is entitled to judicial immunity and (2) whether the individual Defendants are "law enforcement officers" within the meaning of N.M. Stat. Ann.§41-4-3(D).

## II.   Standard.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a plaintiff's claims for "failure to state a claim upon which relief can be granted . . . .." A motion to dismiss may be granted "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *MacArthur v. San Juan County*, 2007 WL 2045456 * 5 (10th Cir. Jul. 18, 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007)). The Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Anderson v. Suiters*, 2007 WL 2421765 * 2 (10th Cir. Aug. 28, 2007) (internal quotations omitted) (applying *Twombly* standard).

4

**III.    Discussion.**

    **A.    Defendant Johnson is entitled to judicial immunity with respect to the §1983 claim.**

Absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion.  *Mireles v. Waco*, 502 U.S. 9, 13 (1991) (per curiam).  This is so even if the judge acted in bad faith, with malice, or in furtherance of a conspiracy.  *Id.*, 502 U.S. at 11.  The Court has explained:

> Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Mireles*, 502 U.S. at 10 (quotations omitted).

Absolute immunity extends to hearing officers performing judicial functions.  *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006).  Notably, "[t]he Supreme Court has long recognized that officials in administrative hearings can claim the absolute immunity that flows to judicial officers if they are acting in a quasi-judicial fashion."  *Guttman*, 446 F.3d at 1033 (citing *Butz v. Economou*, 438 U.S. 478, 514 (1978)). Only allegations that a hearing officer acted outside of her judicial capacity, or that she acted in the complete absence of all jurisdiction, can overcome absolute immunity.  *Guttman*, 446 F.3d at 1033-34.

Plaintiff argues that Defendant Johnson is not entitled to judicial immunity because she may have acted as a probation officer, and not as a hearing officer.  Plaintiff relies on *Mee v. Ortega*, 967 F.2d 423 (10th Cir. 1992), in which the Tenth Circuit held that a decision by a parole officer to hold a plaintiff pending a parole revocation hearing is protected by qualified, rather than absolute, immunity. *Id*, 967 F.2d at 429.  However, the Tenth Circuit emphasized the *Mee* holding was

inapplicable to parole board members.[3]  *Id*.  The *Mee* decision does not support Plaintiff's position

in that the Amended Complaint alleges that Defendant Johnson acted as a hearing officer, and not

a probation officer.

The purpose of a Rule 12(b)(6) motion is to test "the sufficiency of the allegations within

the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40

F.3d 337, 340 (10th Cir. 1994).  In the Amended Complaint, Plaintiff identifies Defendant Johnson

as "a Hearing Officer for the State of New Mexico." (Am. Compl. ¶ 3.)  Notably, the Amended

Complaint contains no allegations that Defendant Johnson acted in any capacity other than as a

hearing officer.  The allegations of the Amended Complaint unequivocally allege that Defendant

Johnson acted as a hearing officer at all relevant times.

Plaintiff additionally argues that he did not match the description of the child sexual abuse

suspect and Defendants Johnson and Dimick "were more interested in getting an African-American

male" . . . "off the streets of Albuquerque."  Absolute immunity for judicial acts is precluded neither

by conspiracy, *Dennis v. Sparks*, 449 U.S. 24, 26-27 (1980); *Andrews v. Heaton*, 483 F.3d 1070,

1076 (10th Cir. 2007); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994), nor bad faith

allegations. *Mireles*, 502 U.S. at 11.  The Amended Complaint alleges that Defendant Johnson's

actions were judicial in nature.  Plaintiff's arguments in opposition to the application of judicial

immunity are ineffective.

Although not argued by Plaintiff in his brief, the Amended Complaint contains allegations

that Defendant Johnson "ignored the lack of jurisdiction" when she revoked Plaintiff's probation

and failed to take steps to release Plaintiff from custody "despite express notice that she lacked

---

[3] Indeed, claims against individual parole board members are barred by absolute immunity for actions taken within the scope of their duties. *See Russ v. Uppah*, 972 F.2d 300, 302-03 (10th Cir. 1992).

jurisdiction."  (Am. Compl. ¶¶ 21; 23.)

A hearing officer is entitled to judicial immunity from § 1983 liability except when she acts "in the clear absence of all jurisdiction."  *See Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (quotation omitted).  Whether a hearing officer acts "in the clear absence of jurisdiction," hinges on "the nature of the act itself, i.e., whether it is a function normally performed by a [hearing officer], and to the expectations of the parties, i.e., whether they dealt with the [hearing officer] in [her] judicial capacity." *Id.*, 435 U.S. at 362.  A hearing officer does not act in the clear absence of all jurisdiction even if "the action [she] took was in error, was done maliciously, or was in excess of [her] authority."  *Stump*, 435 U.S. at 356-57.  Moreover, a hearing officer "is absolutely immune from liability for [her] judicial acts even if [her] exercise of authority is flawed by the commission of grave procedural errors."  *Id.* 435 U.S. at 359.

Plaintiff's allegations against Defendant Johnson are based entirely on actions she took in her capacity as a hearing officer.  Although Plaintiff alleges that Defendant Johnson "ignored a lack of jurisdiction," he does not allege that he dealt with Defendant Johnson at any time outside her capacity as a hearing officer.  Even though her exercise of authority may have been flawed, Plaintiff makes no plausible allegation that Defendant Johnson acted in clear absence of all jurisdiction.  Accordingly, Defendant Johnson is entitled to judicial immunity with respect to Plaintiff's §1983 claim.

**B.    Defendants are not law enforcement officers within the meaning of N.M. Stat. Ann § 41-4-3(D) and 41-4-12.**

Plaintiff asserts a claim for false imprisonment under the New Mexico Tort Claims Act. Under the Act, public employees acting within the scope of duty are granted immunity from liability for any tort, except as waived by the Act. N.M. Stat. Ann § 41-4-4(A).  The only waiver suggested

by Plaintiff is N.M. Stat. Ann § 41-4-12, which waives immunity for certain conduct by law enforcement officers while acting within the scope of their duties.

The Act defines "law enforcement officer" as:

[A] full-time salaried public employee of a governmental entity whose principal duties under law are to hold in custody any person accused of a criminal offense, to maintain public order or to make arrests for crimes, or members of the national guard when called to active duty by the governor.

N.M. Stat. Ann § 41-4-3 (D).

Probation officers and their supervisors are not included within the Act's definition of law enforcement officer. *Vigil v. Martinez*, 832 P.2d 405, 411-12 (N.M. Ct. App. 1992). In *Vigil*, the New Mexico Court of Appeals reviewed the duties of New Mexico probation officers and determined that "holding in custody persons accused of criminal offenses, maintaining public order, and making arrests for crime do not constitute duties to which Defendants are to devote the majority of their time." *Vigil v. Martinez*, 832 P.2d at 412.

Notably, the Amended Complaint includes no allegations that the actions of Defendants Johnson and Dimick fell within Section 41-4-3 (D); there are no allegations that the individual Defendants held Plaintiff in custody as a result of him being accused of a crime, maintained public order, or arrested Plaintiff for a crime.[4]  The absence of such allegations is underscored by the allegations that Plaintiff's probation was revoked as a result of his status as a convicted person, rather than one who stood accused of a crime.  Viewed in the light most favorable to Plaintiff, the Amended Complaint contains no plausible allegations that Defendants qualify as law enforcement officers within the meaning of  N.M. Stat. Ann § 41-4-3 (D).  Therefore, the waiver of immunity

---

[4] Paragraph 15 of the Complaint alleges that Defendant Dimick arrested Plaintiff for violating his New Mexico probation.

contained in N.M. Stat. Ann § 41-4-12 is inapplicable to the individual Defendants.

**WHEREFORE,**

   **IT IS ORDERED** that  Defendants' Partial Motion to Dismiss and Memorandum in Support

Thereof (Doc. 4), filed on May 1, 2007, is **GRANTED.**


_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**